Bank of Attica, Respondent, *v.* Metropolitan National Bank of New York City, Appellant.

When a preference is claimed on the calendar of this court under the provision of the Code of Civil Procedure (§ 791, sub. 7), giving a preference in " an action against a corporation  *  *  *  issuing bank notes or any kind of paper credits to circulate as money," and the fact thus giving a right to a preference does not appear in the pleadings or other papers on which the appeal is to be heard, the party desiring the preference " must procure an order therefor from the court or a judge thereof upon notice to the adverse party " (§ 793).

It is no excuse for a failure to procure the order that there was no term of the court at which a motion for the order could be made. Such a motion may be made on notice before any judge of the court, at his residence or office, or at any place which the judge on application of the moving party may name.

(Argued January 16, 1883 ; decided January 23, 1883.)

Motion to strike cause from the preferred calendar and to place it in its proper order on the general calendar.

*Robert Sewell* for motion.

*Edward C. James* opposed.

Earl, J.  Section 791 of the Code of Civil Procedure provides for preferences in the trial or hearing of causes, and among those entitled to preference upon the calendar in all courts are actions mentioned in subdivision 7 of that section, to-wit :  " An action against a corporation or joint-stock association issuing bank notes, or any kind of paper credits to circulate as money." Plaintiff, claiming a preference upon our calendar under this provision, caused this cause to be placed upon the calendar as a preferred cause; and this motion is made to strike it from the preferred calendar and place it in its proper order upon the general calendar.

Section 793 provides that, " when the right to a preference depends upon facts which do not appear in the pleadings or

other papers, upon which the cause is to be tried or heard, the party desiring a preference must procure an order therefor from the court, or a judge thereof, upon notice to the adverse party. A copy of the order must be served, with or before the notice of trial or argument." In this case it does not appear in the pleadings, or other papers upon which the cause is to be heard in this court, that the defendant is a corporation issuing bank notes, or any kind of paper credits to circulate as money, and hence, in order to be entitled to the preference, the attorney for the plaintiff should have procured and served the order specified in the section. This he did not do, and for that reason the counsel for the appellant denies the plaintiff's right to the preference claimed.. The answer to this on the part of the plaintiff is, that he had no opportunity to procure such an order, as there was no term of the court at which the motion could be made before the date fixed by the order of this court for serving notice of argument. But there was abundant time to make a motion before a judge. Such a motion upon notice could have been made before any judge of this court. The motion could have been noticed for the residence of the judge, or his office, if he has one, or for any place which the judge, upon the application of the moving party, might name as the place where he would hear the motion. Hence, there is no proper excuse given for not procuring the order required, and the plaintiff is not entitled to a preference.

We are now asked to make an order *nunc pro tunc,* giving the preference. As there does not appear in this case to be any good reason why this particular cause should have a preference over other causes upon the calendar, we are disposed to hold the plaintiff to strict practice and deny the order.

The motion should, therefore, be granted, with $10 costs.

All concur.

Ordered accordingly.